UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAVONDA BROOKS | CIVIL ACTION |
| VERSUS | NO. 21-2280 |
| BRIAN KAHRS, ET AL. | SECTION "O" |

## ORDER AND REASONS

Before the Court in this civil-rights case are three motions[1] *in limine* filed by Plaintiff Shavonda Brooks, on behalf of her minor son, A.B. This order and reasons assumes familiarity with the facts of this case as detailed in the Court's order and reasons[2] on the cross-motions for partial summary judgment. In short: This case arises from Jefferson Parish Sheriff's Deputy Brian Kahrs's alleged use of excessive force against A.B. in connection with Deputy Kahrs's arrest of A.B. for committing a criminal-trespass offense. The Court considers each motion *in limine* in turn.

First, Brooks moves *in limine* to exclude the testimony of Defendants' retained[3] orthopedic surgeon, Dr. Charles Murphy.[4] Defendants hired Dr. Murphy to opine on the cause of a wrist injury A.B. says that he suffered because Deputy Kahrs used excessive force against him.[5] Dr. Murphy opines that A.B. suffered that wrist injury because of "a fall on the outstretched right hand."[6] This is Dr. Murphy's full report:

---

[1] ECF No. 61; ECF No. 62; ECF No. 71.
[2] *See generally* ECF No. 91.
[3] ECF No. 61-4 at 6 (transcript page 15:23–24) ("I'm being retained as an expert in the field of orthopedic surgery."); *id.* (transcript page 17:2–5) (Q: "I believe you mentioned you were engaged by defendant's counsel to offer an expert opinion in this case; is that right?" A: "Yes.").
[4] ECF No. 61 at 1.
[5] *See generally* ECF No. 61-3 at 2; ECF No. 61-4 at 9 (transcript page 29:9–11).
[6] ECF No. 61-3 at 2.

> Dear Mr. Martiny:
>
> Thank you for the opportunity to review the medical records of A▇▇ B▇▇ from Children's Hospital in New Orleans. I have reviewed the 60 pages of Children's Hospital records, along with the narrative section of the JPSO police report under Item L-10037-20 prepared by Deputy Brian Kahrs describing how the incident in question took place.
>
> While I did not myself examine or treat A▇▇ B▇▇, it is my understanding that the treating physicians at Children's Hospital diagnosed a distal radius buckle fracture and a potential scaphoid fracture of the right hand. Based upon my experience as an orthopedic surgeon practicing in the Greater New Orleans area for over 30 years, it is my professional medical opinion that the reported distal radius buckle fracture and the potential scaphoid fracture are related to a fall on the outstretched right hand.
>
> If you have any additional information that you would like for me to review, I would be happy to do so.

Brooks contends that the Court should exclude Dr. Murphy's testimony because his five-sentence report does not meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). The Court agrees. Rule 26(a)(2)(B) requires retained experts like Dr. Murphy to provide a written and signed report that contains, among other information, "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i). Dr. Murphy's report includes no reasons for his opinion that A.B.'s wrist injuries "are related to a fall on the outstretched right hand."[7] It "fails to explain the 'how' and 'why'" of Dr. Murphy's opinion "with any specificity." *Williams v. BP Expl. & Prod., Inc.*, No. 18-CV-9753, 2019 WL 6615504, at *7 (E.D. La. Dec. 5, 2019) (Morgan, J.) (quoting *Fulmer v. United States*, No. 17-CV-15943, 2019 WL 1989233, at *3 (E.D. La. May 6, 2019) (Ashe, J.)). So the Court finds that Dr. Murphy's report flunks Rule 26(a)(2)(B)'s test.[8]

---

[7] *Id.*

[8] Defendants do not argue that Dr. Murphy is a non-retained expert subject to Rule 26(a)(2)(C)'s more lax disclosure requirements; any argument on that point is forfeited. *See e.g.*, *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 574 (5th Cir. 2021) (holding that a party forfeited an argument on an issue by failing to adequately brief it). Forfeiture aside, Dr. Murphy is not a non-retained expert subject to Rule 26(a)(2)(C) because he is a non-treating physician who testified that he

2

Because Dr. Murphy's report violates Rule 26(a), Defendants are "not allowed to use" the information in the report or Dr. Murphy's testimony "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Exclusion of Dr. Murphy's report and testimony is "mandatory and automatic" under Rule 37(c)(1) unless Defendants meet their burden,[9] as the Rule 26(a) violators, to show that their Rule 26(a) violation was "substantially justified or is harmless." *See Prest v. BP Expl. & Prod. Inc.*, 640 F. Supp. 3d 542, 549 (E.D. La. 2022) (Ashe, J.) (quotation omitted). Defendants necessarily fail to carry their burden to show that their Rule 26(a) violation was "substantially justified or is harmless" under Rule 37(c)(1) because Defendants make no argument whatsoever on the point: Defendants' opposition to Brooks's motion does not even address Brooks's argument that Dr. Murphy's report violates Rule 26(a).[10]

Accordingly, because Dr. Murphy's report violates Rule 26(a)'s disclosure requirements, and because Defendants have not shown that this Rule 26(a) violation was "substantially justified or is harmless," Defendants are "not allowed to use" the information in Dr. Murphy's report or Dr. Murphy's testimony at trial. FED. R. CIV. P. 37(c)(1). The Court grants Brooks's motion to exclude Dr. Murphy's testimony.[11]

---

was retained by Defendants' counsel for the purpose of offering an opinion in this case, and because there is no indication that he has any "prior, personal knowledge of the facts giving rise to the litigation," or any "ground-level involvement in the events giving rise to the litigation." *Jesus Church of Victoria. v. Church Mutual Ins. Co.*, 627 F. Supp. 3d 715, 723 (S.D. Tex. 2022) (quotation omitted).

[9] *See Daedalus Blue LLC v. SZ DJI Tech. Co.*, No. 20-CV-73, 2022 WL 831619, at *3 (W.D. Tex. Feb. 24, 2022) (observing that the party facing Rule 37(c) exclusion "has the burden of demonstrating that a violation of Rule 26 was substantially justified or harmless" (citation omitted)).

[10] *See generally* ECF No. 66.

[11] Because the Court grants Brooks's motion to exclude Dr. Murphy's testimony under Rule 37(c)(1), the Court does not reach Brooks's alternative arguments for excluding his testimony.

Next, Brooks moves the Court *in limine* to exclude the testimony of Defendants' expert on police procedures and the use of force, Kerry Najolia, on five grounds.[12] For the first ground, Brooks contends that Najolia accepted "wholesale" Defendants' version of disputed facts concerning Deputy Kahrs's encounter with A.B.[13] The second ground is similar: Brooks says Najolia "relies on facts that are simply incorrect[.]"[14] These arguments question the "bases" of Najolia's opinions and thus go to "the weight to be assigned [Najolia's] opinions rather than to [their] admissibility." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 294 (5th Cir. 2019). As Judge Fallon has persuasively explained, concerns about Najolia's reliance on one-sided and incorrect facts are properly addressed on cross-examination, not by excluding Najolia's testimony in its entirety. *See Cortez v. Custard*, No. 20-CV-3110, 2024 WL 2941166, at *4 (E.D. La. June 11, 2024) (Fallon, J.) (finding that "concerns that Najolia's opinions are based on incorrect and one-sided facts can be addressed at trial on cross-examination").

For the third ground, Brooks contends that Najolia's testimony is "unhelpful" because Najolia designed the Jefferson Parish Sheriff's Office's training requirements and thus "cannot be expected to reliably evaluate the efficacy of Kahrs's training."[15] But "the efficacy" of Deputy Kahrs's training is not at issue: The Court has dismissed Brooks's unpleaded *Monell* failure-to-train claim against Sheriff Lopinto; the only remaining claims relate to Deputy Kahrs's alleged assault, battery, and use of excessive force against A.B. on December 14, 2020 and Sheriff Lopinto's potential

---

[12] ECF No. 62 at 1.
[13] ECF No. 62-2 at 8–12 (boldface omitted; capitalization modified).
[14] *Id.* at 12–13.
[15] *Id.* at 14.

liability for Deputy Kahrs's alleged misconduct that day under Louisiana-law *respondeat superior* principles. In all events, Brooks has not persuaded the Court that the mere fact that Najolia designed the Jefferson Parish Sheriff's Office's use-of-force training requirements renders Najolia's proposed testimony about use-of-force procedures and Deputy Kahrs's compliance with them on the day of the incident unreliable or otherwise excludable in its entirety under Federal Rule of Evidence 403.

For the fourth ground, Brooks contends that the Court should exclude "Najolia's statements to the effect that Kahrs'[s] conduct was reasonable under the circumstances" because those statements are inadmissible legal conclusions.[16] In response, Defendants assure the Court that Najolia "will merely testify that [Deputy Kahrs's] actions were in accordance with training; he will not opine that [Deputy Kahrs's] actions were reasonable[.]"[17] Najolia's expert "opinion is not objectionable just because it embraces an ultimate issue." FED. R. EVID. 704. "Crucially, 'a use of force expert may offer testimony regarding police policies and procedures as well as whether or not specific acts by a defendant comported with those policies or procedures.'" *Cortez*, 2024 WL 2941166, at *4 (quoting *Joseph v. Doe*, No. 17-CV-5051, 2021 WL 2313475, at *4 (E.D. La. June 7, 2021) (Morgan, J.)). But a use-of-force expert may not "opine on whether the officers' conduct meets the ultimate legal standard of 'reasonableness.'" *Id.* (quoting *Joseph*, 2021 WL 2313475, at *4). Here, then, Najolia may opine on whether Deputy Kahrs's conduct comported with applicable policies and procedures on the use of force; however, Najolia may not opine

---

[16] *Id.*
[17] ECF No. 65 at 10 (quotation omitted).

5

on the ultimate issue of whether Deputy Kahrs's actions were "reasonable."

For the fifth ground, Brooks contends that Najolia's testimony should be excluded in its entirety because Najolia's "CV is misleading and inflated, and his list of cases does not comply with disclosure requirements."[18] Defendants do not rebut this argument. To be sure, the discrepancies Brooks identifies suggest that Najolia's CV is "sloppy at best," and those discrepancies "open [Najolia's] credibility to question by the jury." *Joseph*, 2021 WL 2313475, at *3 n.28. But the materials the parties submit are not sufficient to allow the Court to definitively determine that the CV Najolia prepared in this case suffers from precisely the same "inaccuracies" Judge Morgan specifically warned Najolia about in *Joseph*. *See id.* If Brooks shows that the CV Najolia prepared for this case is essentially identical to the CV Najolia prepared in *Joseph*, however, the Court will consider excluding Najolia's testimony in its entirety as untrustworthy under Federal Rule of Evidence 615. *See id.* (admonishing Najolia that "his Rule 26 report attachments should be amended or the next judge who sees them may consider the inaccuracies intentional and exclude his testimony because he is perceived as untrustworthy" (citing FED. R. EVID. 615)). Any motion to exclude Najolia's testimony on this basis must be filed by March 28, 2025. If such a motion is filed, the Court will direct expedited response and reply deadlines.

Accordingly, the Court grants in part and denies in part Brooks's motion *in limine* to exclude Najolia's testimony as outlined above.

---

[18] ECF No. 62-2 at 16 (boldface omitted; capitalization modified).

Finally, Brooks moves *in limine* to exclude the testimony of one of her lawyers, Nora Ahmed.[19] Brooks submits "[t]here is no testimony that Ms. Ahmed could provide that would be relevant to any issue of consequence in this case, and her testimony would almost certainly be privileged."[20] So Brooks asks the Court to exclude Ahmed's testimony as irrelevant under Rules 401 and 402 and substantially more prejudicial than probative under Rule 403.[21] In response, Defendants do not identify any testimony Ahmed could provide that bears on the limited issues left in this case—*i.e.*, whether Deputy Kahrs assaulted, battered, and/or used excessive force against A.B. on December 14, 2020; and whether Sheriff Lopinto is liable for Deputy Kahrs's alleged misconduct under Louisiana-law *respondeat superior* principles. The Court therefore grants Brooks's motion *in limine* to exclude Ahmed's testimony.

Accordingly,

**IT IS ORDERED** that Brooks's motion[22] *in limine* to exclude Dr. Murphy's testimony is **GRANTED**.

**IT IS FURTHER ORDERED** that Brooks's motion[23] *in limine* to exclude Najolia's testimony is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED WITHOUT PREJUDICE IN PART**.

---

[19] ECF No. 71.
[20] ECF No. 71-1 at 4.
[21] *Id.* at 4–8.
[22] ECF No. 61.
[23] ECF No. 62.

**IT IS FURTHER ORDERED** that Brooks's motion[24] *in limine* to exclude Ahmed's testimony is **GRANTED**.

New Orleans, Louisiana, this 21st day of March, 2025.

                                                  BRANDON S. LONG
                                                  UNITED STATES DISTRICT JUDGE

---

[24] ECF No. 71.